

March 7, 2022

**Via FOIA STAR**

Karen McFadden
Justice Management Division
Department of Justice
Room 1111 RFK, 950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

**Freedom of Information Act Request: Information Regarding Political Leadership and Staffing at the Department of Justice**

Dear Ms. McFadden:

America First Legal Foundation ("AFL") is a national, nonprofit organization. AFL works to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and promote knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States.

AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, to educate the public. At the core of this mission is knowing who the people are that have been selected to lead the government on a day-to-day basis and ensuring that they are qualified to hold those positions. Therefore, under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, AFL hereby requests the following records within twenty business days.

I.    **Definitions**

For the purposes of this request, "Political Appointee" means any person who is employed by the Department who is: 1) Presidentially Appointed and Senate Confirmed ("PAS"); 2) Presidentially Appointed ("PA"); 3) in a non-career Senior Executive Service ("SES") position; 5) a career SES but has been detailed to a leadership or political position since January 20, 2021, 6) a Schedule C employee; 7) in an administratively determined position; 8) in a position that was filled by coordination with, or through, the White House Liaison or Presidential Personnel Office ("PPO"); or 9) a Special Government Employee ("SGE").

To the extent an SGE is not a Political Appointee or an actual employee any request or reference to a political appointee or employee should be read to mean "Political Appointee or SGE."

Requests A through C below are intended to be enterprise-wide, meaning that any political appointee who has been hired should be identified regardless of the office or component in which they work.

**II.    Requested Records**

A. Records sufficient to identify all employees who entered into a position at the agency as a Political Appointee since January 20, 2021, to the date this records request is processed, and the title or position of each employee (to the extent that individuals have held multiple positions during this time period, identify each title or position and the time period it was held).

B. Records sufficient to identify all career employees who, between January 20, 2021, and the date this records request is processed, have been detailed to 1) a position eligible to be filled by a Political Appointee, or 2) a new position through coordination or consultation with either the White House Liaison or Presidential Personnel Office; the title or position of each employee while on detail; and each employee's originating agency or component, and prior title.

C. For each individual identified in response to Requests 1 and 2 provide:

   1. The resume provided by the individual to the agency in connection with determining the appropriate salary for the individual, or if that is not available, a recent resume contained within the agency's records. AFL has no objection to the redaction of employee's contact information, such as email, address, phone numbers etc.; however, prior employment, education, and descriptions of such experiences are not exempt and should be produced.

   2. Any waivers issued to the individual pursuant to 18 U.S.C. § 208(b).

   3. Any authorizations for the individual issued pursuant to 5 C.F.R. § 2635.502.

   4. Any Ethics Pledge waivers, issued pursuant to Section 3 of Executive Order 13989 and Office of Government Ethics Legal Advisory 21-04, received by the individual.

5. Any ethics agreement executed by the individual; any Certification of Ethics Agreement Compliance; and any records relating to any violation by an individual of his or her ethics agreement.

6. Records reflecting any recusal determination made or issued for the individual.

7. Copies of any SF-50 forms for the individual reflecting any change in position, title, or salary, including when the employee starts or leaves a position.

8. Completed Ethics Pledge for each individual.

## III. Redactions

Redactions are disfavored as the FOIA's exemptions are exclusive and must be narrowly construed. *Am. Immigration Lawyers Ass 'n v. Exec. Office for Immigration Review (AILA)*, 830 F.3d 667, 676-79 (D.C. Cir. 2016). If a record contains information responsive to a FOIA request, then the Department of Justice must disclose the entire record; a single record cannot be split into responsive and non-responsive bits. *Id.; see also Parker v. United States DOJ*, 278 F. Supp. 3d 446, 451 (D.D.C. 2017). Consequently, you should produce email attachments.

In connection with this request, and to comply with your legal obligations:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please construe the term "record" in the broadest possible sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek all records, including electronic records, audiotapes, videotapes, and photographs, as well as texts, letters, emails, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions.

- Our request includes any attachments to those records or other materials enclosed with a record when transmitted. If an email is responsive to our request, then our request includes all prior messages sent or received in that email chain, as well as any attachments.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject

to the Federal Records Act and FOIA. It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; AFL has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to governmentwide requirements to manage agency information electronically, and many agencies have adopted the National Archives and Records Administration ("NARA") Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; you may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

### IV.     Fee Waiver Request

Per 5 U.S.C. § 552(a)(4)(A)(iii) and your regulations, AFL requests a waiver of all search and duplication fees associated with this request.

First, AFL is a qualified non-commercial public education and news media requester. AFL is a new organization, but it has already demonstrated its commitment to the public disclosure of records and creation of editorial content through regular substantive analyses posted to its website. For example, its officials routinely appear on national television and use social media platforms to disseminate the information it has obtained about federal government activities. In this case, AFL will make your records and your responses publicly available for the benefit of citizens, scholars, and others, as we have already done with other agencies. The public's understanding of

4

your policies and practices will be enhanced through AFL's analysis and publication of the requested records. As a nonprofit organization, AFL does not have a commercial purpose and the release of the information requested is not in AFL's financial interest.

Second, waiver is proper as disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[1] Moreover, the Administration has made several significant and public commitments to transparency, openness, and ethics. The public has a significant interest in understanding the qualifications of the individuals selected to lead the Department and implement the Administration's policies and priorities. The public also has a significant interest in ensuring that government decisions are not influenced by improper conflicts of interest or other unethical conduct.

## V.     Production

To accelerate release of responsive records, AFL welcomes production on an agreed rolling basis.

If possible, please provide responsive records in an electronic format by email. Alternatively, please provide responsive records in native format or in PDF format on a USB drive. Please send any responsive records being transmitted by mail to America First Legal Foundation, 611 Pennsylvania Ave SE #231, Washington, DC 20003.

## VI.    Conclusion

If you have any questions about how to construe this request for records or believe further discussions regarding search and processing would facilitate a more efficient production of records of interest to AFL, please do not hesitate to contact me at foia@aflegal.org. Finally, if AFL's request for a fee waiver is not granted in full, please contact us immediately upon making that determination.

                                                                Thank you,

                                                                /s/ Reed D. Rubinstein
                                                                Reed D. Rubinstein
                                                                America First Legal Foundation

---

[1] 5 U.S.C. § 552(a)(4)(A)(iii).